KEVIN L. TYLER,

       Plaintiff,
                                     Civil No. 25-cv-10673
                                     Hon. Matthew F. Leitman

v.

KAREN HANSON, *et. al.*,

       Defendants.

_____/

## <u>ORDER (1) DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT AND (2) DENYING PLAINTIFF'S MOTION FOR THE ASSISTANCE OF COUNSEL (ECF No. 13)</u>

Plaintiff Kevin L. Tyler is a state inmate in custody at the Oakland County Jail in Pontiac, Michigan. On March 11, 2025, Tyler filed a *pro se* civil rights Complaint in this Court pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Tyler, who was an inmate at the Genesee County Jail at the time he filed his Complaint, did not submit the filing fee or an application for leave to proceed *in forma pauperis* at the time he filed his Complaint. Accordingly, on March 18, 2025, the Court ordered Tyler to correct his filing deficiency by April 17, 2025, or face the possible dismissal of his Complaint (the "Deficiency Order"). (*See* Deficiency Order, ECF No. 3.) The Court attempted to serve the Deficiency Order on Tyler by First Class Mail at the Genesee County Jail at the address he provided the Court. It was returned by the Post Office as "not deliverable as addressed / unable to forward."

1

(*See* ECF No. 5.) The Court then dismissed this action after the time for correcting the deficiency lapsed. (*See* Order, ECF No. 6; Judgment, ECF No. 7.)

The Court later learned that Tyler had been transferred to the Oakland County Jail and that as a result of that transfer, he likely never received the Deficiency Order. Accordingly, the Court vacated its order of dismissal and reinstated the case to its active docket. (*See* Order, ECF No. 12.)

On June 12, 2025, Tyler filed a request to proceed *in forma pauperis* in this action (the "IFP Application"). (*See* IFP Application, ECF No. 10.) The Court later granted that request. (*See* Order, ECF No. 12.) When the Court grants an IFP Application, it has an obligation to screen a party's Complaint and dismiss it prior to service on the Defendants if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint nonetheless "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *See McGore*, 114 F.3d at 612.

The Court has reviewed Tyler's Complaint and concludes that, as currently pleaded, it fails to state viable claims against the Defendants. Tyler's Complaint appears to allege that the Defendants violated his constitutional rights when he was arrested and prosecuted in Genesee County, Michigan, and detained in the Genesee County Jail. However, the Complaint is difficult to follow, and it does not allow the Court or the Defendants to determine the specific claims that Tyler is raising and/or which of the named Defendants are specifically responsible for the alleged constitutional violations. Tyler's lengthy and confusing Complaint is therefore subject to dismissal for failing to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a Complaint contain a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). *See also Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of Complaint pursuant to Fed.R.Civ.P. 8(a)(2) and explaining that "[n]either this court nor the district court is required to create Payne's claim for her").

In lieu of dismissing the Complaint, the Court will provide Tyler one final opportunity to plead viable claims against the Defendants. Accordingly, the Court **ORDERS** Tyler to file a First Amended Complaint by no later than **April 20, 2026**. In that First Amended Complaint, Tyler shall state each alleged constitutional violation in a separate paragraph, and he shall clearly and concisely state the facts supporting each of those claims. The Court does not anticipate allowing Tyler

3

another opportunity to amend to add factual allegations that he could now include in a First Amended Complaint. Simply put, this is Tyler's opportunity to clearly and separately allege any and all additional facts, currently known to him, that may support his claims. If Tyler fails to file a First Amended Complaint as set forth above, the Court will dismiss this action.

Finally, on October 16, 2025, Tyler filed a motion for the assistance of counsel. (*See* Mot., ECF No. 13.) That motion is **DENIED**. There is no constitutional right to the appointment of counsel in civil cases, and the Court is not persuaded, at this time, that it is necessary or appropriate to appoint counsel for Tyler. *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is ... a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 5, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 5, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126