UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN L. TYLER,

  Plaintiff,

              Case No. 25-cv-10673
v.              Hon. Matthew F. Leitman

KAREN HANSON, *et al.*,

  Defendants.

_____/

## ORDER (1) SUMMARILY DISMISSING CASE AND (2) DETERMINING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

On March 11, 2025, Plaintiff Kevin L. Tyler filed a *pro se* Complaint in this Court against three Defendants: David Leyton, the elected Genesee County Prosecuting Attorney; Karen Hanson, an Assistant Genesee County Prosecutor; and Chris Swanson, the Genesee County Sheriff. (*See* Compl., ECF No. 1.)  The Court screened Tyler's Complaint pursuant to 28 U.S.C. § 1915(e)(2), found it deficient, and gave Tyler the opportunity to file an amended pleading. (*See* Order, ECF No. 15.)  The Court explained:

> The Court has reviewed Tyler's Complaint and concludes that, as currently pleaded, it fails to state viable claims against the Defendants.  Tyler's Complaint appears to allege that the Defendants violated his constitutional rights when he was arrested and prosecuted in Genesee County, Michigan, and detained in the Genesee County Jail. However, the Complaint is difficult to follow, and it does not allow the Court or the Defendants to determine the

1

specific claims that Tyler is raising and/or which of the named Defendants are specifically responsible for the alleged constitutional violations. Tyler's lengthy and confusing Complaint is therefore subject to dismissal for failing to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a Complaint contain a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). *See also Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of Complaint pursuant to Fed.R.Civ.P. 8(a)(2) and explaining that "[n]either this court nor the district court is required to create Payne's claim for her").

In lieu of dismissing the Complaint, the Court will provide Tyler one final opportunity to plead viable claims against the Defendants. Accordingly, the Court **ORDERS** Tyler to file a First Amended Complaint by no later than **April 20, 2026**. In that First Amended Complaint, Tyler shall state each alleged constitutional violation in a separate paragraph, and he shall clearly and concisely state the facts supporting each of those claims. The Court does not anticipate allowing Tyler another opportunity to amend to add factual allegations that he could now include in a First Amended Complaint. Simply put, this is Tyler's opportunity to clearly and separately allege any and all additional facts, currently known to him, that may support his claims. If Tyler fails to file a First Amended Complaint as set forth above, the Court will dismiss this action.

(*Id.*, PageID.44-45.)  The Court later granted Tyler two extensions of time to file a First Amended Complaint. (*See* Orders, ECF Nos. 17, 19.)

Now before the Court is Tyler's First Amended Complaint, which he filed on June 23, 2026. (*See* First Am. Compl., ECF No. 20.)  In his amended pleading, Tyler brings claims against only Hanson. (*See id.*)  Tyler seems to suggest that Hanson violated his constitutional due process rights during one or more cases in which the

2

Genesee County Prosecutor's Office brought criminal charges against Tyler. (*See id.*, PageID.56-57.)  But Tyler does not allege any facts to support a due process claim.  In a conclusory fashion, he alleges that Hanson had "a personal vendetta" against him, but offers no particular allegations to support that contention. (*See id.*)  Tyler repeatedly refers the Court to the "case detail attached," but he attached only the docket sheet for his state-court criminal case, which provides no additional factual allegations in support of his claim. (*See id.*, PageID.56-113.)  For these reasons, the Court concludes that Tyler's First Amended Complaint fails to state a claim upon which relief may be granted.  Therefore, this action is **SUMMARILY DISMISSED**.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 25, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3